**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4508**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAIYDIN ABDULLAN MUHAMMAD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:14-cr-00353-WO-1)

Submitted:  December 21, 2018                    Decided:  January 3, 2019

Before GREGORY, Chief Judge, MOTZ and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Saiydin Abdullan Muhammad appeals from his 168-month sentence imposed pursuant to his guilty plea to interference with commerce by robbery. On appeal, Muhammad challenges his career offender status, asserting that the district court erred in determining that Muhammad's prior North Carolina common law robbery convictions were proper predicate offenses. We affirm.

We review "de novo the question whether a prior state conviction constitutes a predicate felony conviction for purposes of a federal sentence enhancement." *United States v. Valdovinos*, 760 F.3d 322, 325 (4th Cir. 2014). The district court correctly applied the career offender enhancement to Muhammad if: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1(a).

Prior to 2016, a "crime of violence" was an offense punishable by more than a year of imprisonment that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [the force clause], or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [the enumerated clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the residual clause]." USSG § 4B1.2(a). At the time, Application Note 1 to the Guideline listed robbery as one of several enumerated offenses expressly covered by the

definition. USSG § 4B1.2 cmt. n.1. Effective August 1, 2016, the "crime of violence" definition was amended to expressly include robbery as an enumerated offense in USSG § 4B1.2(a)(2), rather than relegating it to the commentary. In addition, the residual clause was removed. See USSG § 4B1.2(a)(2).

Muhammad, who was sentenced prior to the 2016 amendments, does not challenge the authority of Application Note 1, and as such, we conclude that robbery was part of the pre-2016 version of § 4B1.2(a). We have previously ruled that North Carolina common law robbery categorically qualified as "robbery," as that term is used in § 4B1.2. *See United States v. Gattis*, 877 F.3d 150, 156-60 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 1572 (2018). As such, Muhammad's common law robbery conviction was a valid career offender predicate even prior to the 2016 amendments. In addition, we further note that North Carolina common law robbery would also satisfy the residual clause of § 4B1.2.

Accordingly, we affirm Muhammad's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*